United States District Court
Southern District of Texas
**ENTERED**
November 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **IVAN NUNEZ PENALOZA** | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-00066 |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## Order

Pending before the Court is Petitioner Ivan Nunez Penaloza's ("Petitioner") Motion to Supplement (Dkt. 5; Cr. Dkt. 201)[1], which the Court construes as a motion to re-file, and Respondent USA's ("Government") Response (Dkt. 7; Cr. Dkt. 200.). Petitioner requests to re-file his Motion to Vacate, Set Aside, or Correct Sentence (Dkt 1; Cr. Dkt. 188) under 28 U.S.C. § 2255. (Dkt. 5; Cr. Dkt. 201.) Government is unopposed to Petitioner's motion to re-file. (Dkt. 7 at 2; Cr. Dkt. 200 at 2.) Given that Plaintiff filed his initial § 2255 motion while his appeal was pending, the action is DISMISSED WITHOUT PREJUDICE and Petitioner is given leave to re-file within the one-year period of limitations defined in § 2255(f)[2].

## Background

---

[1] "Dkt." indicates a citation to the record in Civil Action No. 5:23-CV-66. "Cr. Dkt." indicates a citation to the record in Petitioner's underlying criminal case, Crim. Action No. 5:22-CR-631-2.

[2] § 2255(f) provides that "[t]he limitations period shall run from the latest of—
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 30, 2023. (Dkt. 1; Cr. Dkt. 188.) Petitioner's appeal in the underlying criminal case was ongoing. *See* (Cr. Dkts. 173, 175, 189.) Petitioner's appeal was dismissed by the appellate court on October 3, 2023. (Cr. Dkt. 198 at 2; Cr. Dkt. 199 at 2.) On October 20, 2023, Petitioner filed a Motion to Supplement his § 2255 motion, asking that the Court "give [him] the chance to Amend/Correct/or Re-file the said above motion." (Dkt. 5; Cr. Dkt. 201.) On November 7, 2023, Government filed a Response, requesting clarification and stating that they are "unopposed to [Petitioner] withdrawing his current § 2255 motion… and refiling a § 2255 motion within one year after his judgment of conviction has become final." (Dkt. 7 at 2; Cr. Dkt. 200 at 2.)

## Legal Standards

Title 28 U.S.C. § 2255 permits people incarcerated "under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" to move the court that initially imposed the sentence "to vacate, set aside or correct the sentence." § 2255(a). Motions under § 2255 are typically subject to a one-year statute of limitations, beginning at "the date on which the judgment of conviction becomes final." § 2255(f). A judgment of conviction becomes final for the sake of § 2255 "when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (collecting cases).

A § 2255 motion "will not be entertained during the pendency of a direct appeal" since the "disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333,

333 (5th Cir. 1968) (per curiam), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (per curiam) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam) (holding that, when a direct appeal is still pending, a §2255 motion is "not entitled to consideration on the merits")). When a § 2255 motion is filed while an appeal is pending, a court should dismiss it without prejudice, allowing the motion to be re-filed once the judgment of conviction becomes final. *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991); *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam); *United States v. Marroquin*, 2016 U.S. Dist. LEXIS 108952 at *2-3 (S.D. Tex. Aug. 17, 2016).

## Discussion

Petitioner filed his § 2255 motion while his direct appeal was still pending. (Dkt. 1; Cr. Dkt. 188.) *See* (Dkts. 173, 175, 189.) Petitioner's § 2255 motion was not yet ripe for review, as the "disposition of the appeal may [have] render[ed] the motion moot" or changed Petitioner's arguments in his § 2255 motion. *Welsh*, 404 F.2d at 333. Petitioner has made it clear to the Court that he would like to amend or re-file his § 2255 motion. (Dkt. 5, Cr. Dkt. 201.) The Court orders that the pending action be DISMISSED WITHOUT PREJUDICE and Petitioner be given leave to re-file his § 2255 motion within the one-year period of limitations defined in § 2255(f).

The Clerk of Court is DIRECTED to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing. The Clerk is further DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this November 9, 2023.

_____
Diana Saldaña
United States District Judge